**Federal Defenders OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

July 15, 2020

Via ECF

The Honorable Colleen McMahon
Chief United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. Anthony Givens*, 14 Cr. 546 (CM)

Dear Chief Judge McMahon:

    In reply to the Government's letter, ECF No. 660, opposing Mr. Givens's compassionate release motion, I write briefly on the exhaustion issue. For the reasons below, the Court should conclude that Mr. Givens has exhausted his administrative remedies where he petitioned his warden for compassionate release on April 14, 2020. Alternatively, the Court could reserve ruling on Mr. Givens's motion until after July 31, which will be 30 days after I sent Mr. Givens's warden my own compassionate release request on his behalf.

    First, Mr. Givens is adamant that, on April 14, 2020, he applied to the warden of FCI Schuylkill for both early release to home confinement *and* compassionate release. Though I have been unable to obtain a copy of Mr. Givens's actual request, I have obtained a copy of the warden's decision on that request, dated April 16, 2020 (attached as Ex. A). The decision denies Mr. Givens's request for early release to home confinement, and then *separately* denies his request for "a reduction in sentence (RIS)," a term of art which the BOP uses synonymously with "compassionate release." *See* BOP Program Statement No. 5050.50 (implementing the compassionate release statute and making clear that, "[f]or the purposes of this Program Statement, the terms 'compassionate release' and 'reduction in sentence' are used interchangeably"), available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf. Indeed, the warden's decision relies on, and explicitly references, 18 U.S.C. § 3582(c)(1)(A), the compassionate release statute on which Mr. Givens's instant motion is predicated.

    These facts support the conclusion that Mr. Givens requested both early release to home confinement and compassionate release. At a minimum, the BOP appears to have treated his

**Reply Letter in Support of Compassionate Release**  Page 2 of 2
**Anthony Givens**

request as encompassing compassionate release. The Court accordingly should conclude that Mr. Givens has exhausted his administrative remedies, particularly given that he filed his request to his warden (and his motion to this Court) *pro se*.

Alternatively, as the Government observes, in an excess of caution I emailed a compassionate release request to Mr. Givens's warden on July 1, 2020 (attached Ex. B).[1] If the Court does not find that Mr. Givens's April 14 request served to exhaust his remedies, I respectfully submit that the Court could reserve ruling on his motion until after July 31, when 30 days from my request will have lapsed.

Sincerely,

/s/ Jonathan Marvinny
Jonathan Marvinny
Assistant Federal Defender
212.417.8792
jonathan_marvinny@fd.org

cc:   Peter J. Davis, Esq. (by ECF)
      Assistant United States Attorney

---

[1] My letter references an earlier request I had submitted for Mr. Givens's early release to home confinement. That request was entirely separate from Mr. Givens's own April 14 request, which is discussed in detail above.

# EXHIBIT A

GIVENS, Anthony
Reg. No. 71387-054
Unit 3B
Page 1 of 1

---

### Inmate Request to Staff Response

This is in response to your Request to Staff received on April 14, 2020, in which you request you be recommended to serve the remainder of your sentence on home confinement in accordance with Attorney General William Barr's March 26, 2020 Memorandum, the First Step Act, and the Coronavirus Pandemic.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence.

==You requested a reduction in sentence (RIS) based on concerns about COVID-19.== After careful consideration, your request is denied.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

_Scott Finley_, Warden          04/16/20
                                  Date

# EXHIBIT B

**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

July 1, 2020

Via email

To: Warden of FCI Schuylkill
Re: Anthony Givens, Reg. No. 71387-054

Dear Warden:

I previously wrote to you asking you to consider early release to home confinement for my client, Anthony Givens. I now write to ask you to grant Mr. Givens compassionate release under 18 U.S.C. § 3582(c)(1)(A), largely for the same reasons.

Mr. Givens's health remains at risk because of conditions occasioned by the current COVID-19 pandemic. He has a release date of March 9, 2021, meaning he only has about 8 months remaining to serve, and is convicted only of non-violent offenses and supervised release violations. He has no history of violence, sex offenses, or terrorism, and has no active detainers. And he has a loving family awaiting his release, including a 1-year-old daughter.

Thank you for your attention to this request. Please do not hesitate to contact me if you require more information.

Sincerely,

/s/ Jonathan Marvinny
Jonathan Marvinny
Assistant Federal Defender
212.417.8792
jonathan_marvinny@fd.org